**ATLAS | SOLOMON LLP**
NATALIE L. WINSLOW
Nevada Bar No. 12125
Email: nwinslow@atlas-solomon.com
7674 W. Lake Mead Blvd., Suite 220
Las Vegas, Nevada 89129
(725) 315-9572

*Attorneys for Hightail Air Charter, LLC and Chronos Air Group, LLC*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| OPTIMUMEDICINE, LLC, | Case No.: 2:26-cv-00191 |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| HIGHTAIL AIR CHARTER, LLC, a Delaware limited liability company; CHRONOS AIR GROUP, LLC, a Delaware limited liability company; CHRONOS AIR MRO, LLC, a Delaware limited liability company; SCOTT SALDANA, an individual; DOES I through XX; ROE CORPORATIONS I through XX, | |
| Defendants. | |

Defendants Hightail Air Charter, LLC ("Hightail") and Chronos Air Group, LLC ("Chronos," and together with Hightail, "Defendants") remove this action from the Eighth Judicial District Court in Clark County, Nevada, to the United States District Court for the District of Nevada. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached to this Notice of Removal. Defendants attach the following documents to this Notice of Removal:

**Exhibit A:**   Civil Cover Sheet

**Exhibit B:**   State Court Civil Docket Sheet

**Exhibit C:**   State Court File

       **Exhibit D:**    Plaintiff's Corporate Disclosure Statement

       **Exhibit E:**    Medical Bed Quote

### I. Timeline for Notice of Removal

On January 22, 2026, Plaintiff OptimuMedicine, LLC ("Plaintiff") commenced an action in the Eighth Judicial District Court of Nevada styled *OptimuMedicine, LLC v. Hightail Air Charter, LLC et al.*, case no. A-26-937783-C. Upon information and belief, no defendant has yet been properly served.[1] This removal is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).[2]

### II. Basis for Removal

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). This Court has diversity jurisdiction over this matter. 28 U.S.C. § 1332. The case is therefore removable pursuant to 28 U.S.C. § 1441.

#### A. There is Diversity of Citizenship.

Plaintiff is a Nevada limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. Upon information and belief, Plaintiff's members consist of nine natural persons and one limited liability company. The nine natural persons are residents of the states of Nevada, Washington, Missouri, and Arkansas. The limited liability company member is organized under the laws of the state of

---

[1] Unserved defendants are not required to join in or consent to removal petitions. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

[2] Defendants do not waive any argument they may have pursuant to Federal Rule of Civil Procedure 12(b), including arguments related to failure to properly serve any defendant and/or lack of personal jurisdiction. *See, e.g., Wabash W. Ry. v. Brow*, 164 U.S. 271, 279 (1896) (holding that the removal of a case from state court to federal court constitutes a special appearance and does not waive the defendant's right to contest service of process); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) ("Nothing in Fed. R. Civ. P. 12(h) indicates that a limited state court appearance should be deemed a waiver of personal jurisdiction under these circumstances.").

Nevada, and its member is also a natural person who is a Nevada resident. Plaintiff recently filed a Corporate Disclosure Statement in case no. 6:25-cv-00062-WWM, *OptimuMedicine, LLC v. UE-158 LLC*, United States District Court for the District of Montana (Helena Division) advising of this corporate structure. *See* Ex. D.

None of the named defendants are citizens of Nevada, Washington, Missouri, or Arkansas. *See* 28 U.S.C. § 1441(a) (for removal purposes, the citizenship of Doe Defendants is disregarded).[3]

**B. The Amount in Controversy Exceeds $75,000.00.**

Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in the action exceeds the sum or value of $75,000.00 exclusive of interest and costs. Plaintiff asserts causes of action against Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment (in the alternative), fraud in the inducement, violation of NRS 225.084, negligent misrepresentation, alter ego, intentional interference with business and contractual relations, conversion, and injunctive relief.

As for the fraud in the inducement claim, Plaintiff alleges, in part, that Defendants "falsely induced Plaintiff to execute the First Amendment to Mutual Services Agreement and Security Agreement." (Compl. at ¶ 78.) As acknowledged by Plaintiff in the executed First Amendment, the restructured debt in the agreement totaled, at that time, $396,825.36. (App. for Temp. Restraining Ord. ("TRO"), Ex. 5; *see also* Compl. at ¶ 28) ("On March 6, 2025, the parties executed the First Amendment to the Mutual Services Agreement ('First Amendment'), which acknowledged a debt of $396,825.36 and established a schedule for surcharges and repayments."). Plaintiff further alleges that Defendants "intended to induce the Plaintiff to act or refrain from acting upon their rights by concealing the true facts to convince Plaintiff that a

---

[3] Upon information and belief, defendant Chronos Air MRO, LLC is a fraudulently joined defendant; therefore, its citizenship should be disregarded. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Defendant Scott Saldana has no affiliation with this LLC. Regardless, any relevant companies owned or managed by Saldana are either Florida or Illinois citizens.

substantial balance [i.e., the $396,825.36 listed in Exhibit 1 to the First Amendment] was owing and due to Defendants." (Compl. at ¶ 80.)

Plaintiff further alleges that Defendants wrongfully converted two medical beds (or were alternatively unjustly enriched by them), worth approximately $88,987.00 each for the total sum of $177,974.00. *See* Ex. E.[4] Plaintiff further alleges that Defendants wrongfully refueled jets for unrelated trips using Plaintiff's fuel credit, which Plaintiff alleges totals $2,286.54 and $1,113.04, respectively. (App. for TRO, Ex. 8.)

Plaintiff further seeks injunctive relief, in part, to "prohibit[ ] Defendants from asserting wrongful UCC liens against Plaintiff or from contacting Plaintiff's debtors." (Compl. at ¶ 132.) As of January 8, 2026, the amount subject to the UCC lien was $1,248,486.86. (App. for TRO, Ex. 9; *see also* Compl. at ¶ 34) ("Defendant Saldana now claims that the debt for $396,825.36 in allegedly unpaid flight invoices now exceeds $1,200,000.00 on the basis of a usurious interest rate and other imagined charges."). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002).

Plaintiff further seeks relief based on a violation of NRS 225.084, related to an alleged fraudulent UCC-1 lien filing with the Nevada Secretary of State. (Compl. at ¶¶ 85-91.) These allegations pertain to the UCC lien which secures debt that Plaintiff admits previously totaled $396,825.36, and Defendants allege is now in excess of $1,200,000.00. (App. for TRO, Ex. 9; Compl. at ¶ 34.)

Plaintiff further seeks an injunction related to its intellectual property or confidential information, Compl. at ¶ 134, which cannot be easily quantified. It further seeks contractual damages related to Defendants' alleged misuse of confidential information. (Compl. at ¶¶ 58, 65.) Plaintiff asserts a negligent misrepresentation cause of action related to these alleged false

---

[4] Exhibit E is a quote obtained by Defendants for a medical bed similar to the beds identified in the complaint.

representations. (*Id*. at ¶¶ 92-97.) Plaintiff further asserts a cause of action for intentional interference with business and contractual relations based on its allegation that Defendants used confidential knowledge of Plaintiff's business relationships to "steal clients and referral sources and get these individuals and organizations to stop working with Plaintiff." (*Id*. at ¶ 111.) These damages, as alleged, likely exceed $75,000.00. *See Luna v. Kemira Specialty, Inc.*, 575 F.Supp.2d 1166, 1173 (C.D. Cal. 2008) ("'Given the undisputed nature and scale of defendants' business,' the court found, 'the value of the trade secrets and other confidential information known to [plaintiff] surely exceeds $75,000.'") (quoting *Davis v. Advanced Care Techs., Inc.*, CIV S 06-02449-DFL-DAD, 2007 WL 1302736 (E.D. Cal. May 2, 2007)).

According to the ex parte application for TRO that Plaintiff filed in state court, Plaintiff will suffer irreparable harm if the court failed to grant injunctive relief. This included, according to Optimum, "imminent destruction of its business." (App. for TRO at 19:28.) Surely Plaintiff's business is worth more than $75,000.00.

Plaintiff's prayer for relief seeks general damages in excess of $15,000.00, special damages in excess of $15,000.00, punitive damages, injunctive relief/specific performance, attorneys' fees and costs, and pre- and post-judgment interest.

Accordingly, 28 U.S.C. § 1332(a) is satisfied.

### C. Procedural Requirements

Upon information and belief, no defendant has yet been properly served in this matter.

Venue is proper in this Court because the United States District Court of Nevada embraces the place in which the state court action was pending—Clark County, Nevada. 28 U.S.C. 1441(a). Defendants will concurrently file a notice of removal in the Eighth Judicial District Court for Clark County, Nevada.

### D. Conclusion

Defendants do not waive any objections they may have as to service, jurisdiction, venue, or any other defenses or objections they have to this action. Defendants further explicitly provide notice that they do not waive their right to invoke any arbitration provision

contained within the contracts/agreements between the parties. Defendants intend no admission of fact, law, or liability by this removal notice, and expressly reserve all defenses, motions, and/or pleas.

Dated this 27th day of January, 2026.

                                        ATLAS | SOLOMON LLP

                                        */s/ Natalie L. Winslow*
                                        Natalie L. Winslow
                                        Nevada Bar No. 12125
                                        7674 W. Lake Mead Blvd., Suite 220
                                        Las Vegas, Nevada 89129

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of ATLAS | SOLOMON LLP, and that on this 27th day of January 2026, I did cause the foregoing Notice of Removal to be filed and served to all parties via the Court Generated Notice of Electronic Filing System (CM/ECF) and U.S. Mail to:

Mark H. Hutchings, Esq.
John B. Lanning, Esq.
**HUTCHINGS LAW GROUP**
400 S. 4th St., Suite 550
Las Vegas, Nevada 89101
Telephone: (702) 660-7700
Facsimile: (702) 552-5202
MHutchings@HutchingsLawGroup.com
John@HutchingsLawGroup.com
*Attorney for Plaintiffs*

                                                */s/ Natalie Winslow*
                                                An Employee of Atlas Solomon LLP