UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Optimumedicine LLC, | Case No. 2:26-cv-00191-CDS-BNW |
| Plaintiff | **Order Granting Plaintiffs' Unopposed Motion to Dismiss the Counterclaim** |
| v. | |
| High Air Charter, LLC, et al., | |
| Defendants | [ECF No. 41] |

This is a breach of contract action removed from the Eighth Judicial District Court in January 2026. Plaintiff/Counter-defendant Optimumedicine LLC and third-party defendants Devon Eisma, Owen McKeany, and Jonathan Rosati move to dismiss the counterclaim filed by Hightail Air Charter, LLC. ECF No. 41. Any opposition to that motion was due by March 30, 2026. *Id.; see* Local Rule 7-2(b) (requiring a non-moving party to file points and authorities in opposition within fourteen days after service of the motion to dismiss). That deadline passed without any response, leaving the motion unopposed.

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (refusing to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. Here, I apply Local Rule 7-2(d) and deem Hightail's failure to respond as consent to granting the motion.

## Conclusion

IT IS HEREBY ORDERED that the plaintiff and third-party defendants' unopposed motion to dismiss **[ECF No. 41] is GRANTED**, therefore Hightail Air Charter's counterclaim and third-party complaint are dismissed.

Dated: April 14, 2026

_____
Cristina D. Silva
United States District Judge

2